# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 9709011456 |
| | ) | |
| SAMUEL L. HARRIS, | ) | Cr. A. No. IS98-02-0142 |
| Defendant. | ) | |

Submitted: June 8, 2018
Decided: June 11, 2018

## ORDER

*Upon Defendant's Request for a Certificate of Eligibility
to File Under 11 Del. C. § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d),*
**GRANTED.**

This 11th day of June, 2018, upon consideration of the Defendant Samuel L. Harris's Request for a Certificate of Eligibility (D.I. 71), the Attorney General's response thereto (D.I. 72) and the record in this matter, it appears to the Court that:

(1)    On November 12, 1998, following a one-day trial, a Superior Court jury convicted the Defendant Samuel L. Harris of Escape After Conviction.[1] He was resentenced on September 27, 1999,[2] after the State's

---

[1]    DEL. CODE ANN. tit. 11, § 1253 (1997) (escape after conviction).

[2]    Harris had to be resentenced when the Delaware Supreme Court reversed this Court's judgment imposing his original sentence under the provisions of 11 *Del. C.* § 4204(k). *Harris v. State,* 1999 WL 734668, at *2 (Del. Aug. 25, 1999).

habitual criminal petition was granted.[3] This Court then imposed the minimum required: eight years at Level V to be served under the provisions of the then-extant Habitual Criminal Act.[4]

(2) Harris has requested a certificate of eligibility to file a petition seeking exercise of the Court's jurisdiction to modify his escape sentence under recently enacted 11 *Del. C.* § 4214(f).[5] The Attorney General has responded[6] and been provided an opportunity to be heard.[7] The Court has carefully considered the parties' positions as to whether Harris may be granted

---

[3] DEL. CODE ANN. tit. 11, § 4214(a) (1997) (providing that a person who had been thrice previously convicted of a felony and was thereafter convicted of another felony could be declared a habitual criminal; the Court could then, in its discretion, impose a sentence of up to life imprisonment for that or any subsequent felony).

[4] *Id.* (any person sentenced under then-existing § 4214(a) had to receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for any fourth or subsequent Title 11 violent felony that formed the basis of the State's habitual criminal petition); DEL. CODE ANN. tit. 11, §§ 1253, 4201(c) and 4205(b)(4) (1997) (escape after conviction, without force or injury, was then a class D felony with a statutory maximum of eight years imprisonment). *See Velazquez v. State*, 2015 WL 849477, at *2 (Del. Feb. 25, 2015) (citing *Forehand v. State*, 997 A.2d 673 (Del. 2010) and *Williams v. State*, 2014 WL 642281 (Del. Feb. 7, 2014)) (such sentence was required and constitutional)).

[5] D.I. 71; Del. Super. Ct. Spec. R. 2017-1(c)(2), (3).

[6] D.I. 72; Del. Super. Ct. Spec. R. 2017-1(c)(5) (providing that the Attorney General shall file a written response to a request for certificate of eligibility).

[7] Del. Super. Ct. Spec. R. 2017-1(c)(6) (the Court is permitted to act on such a request "without presentation, hearing, or argument unless otherwise ordered by the court").

a certificate of eligibility in the peculiar circumstance and procedural posture presented.[8] He may.

(3)    Harris meets the type-of-sentence eligibility requirement set forth in 11 *Del. C.* § 4214(f).[9] Harris also meets the time-served eligibility requirements set forth in 11 *Del. C.* § 4214(f).[10] Lastly, the Attorney General has not, "by specific averment," demonstrated "that there is a good faith basis to believe that . . . a petition [by Harris] . . . may not be heard because the felony establishing [Harris] as a habitual offender is one for which review is

---

[8]    This case presented a unique issue regarding the sequencing of the sentences Harris has been serving for the past two decades. At oral argument, the State, in accordance with the highest traditions of the Delaware Bar, admitted that its initial written position on this sequencing question was not as well-supported as the opposing view. The Court appreciates each State's counsel's unfailing recognition and demonstration during § 4214(f) proceedings of "the prosecutor's unique role and duty to seek justice within [the] adversary system." *See Jones v. State*, 2016 WL 720973, at *1 (Del. Feb. 22, 2016) (quoting *Weddington v. State*, 545 A.2d 607, 616 (Del. 1988)).

[9]    DEL. CODE ANN. tit. 11, § 4214(f) (2017) (providing that to be eligible for relief an inmate must be serving a sentence imposed upon him as "an habitual criminal [that is] a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to 4214(a) of this title, or a life sentence pursuant to 4214(b) of this title prior to July 19, 2016").

[10]    *Id.* (providing that an inmate has met the time-served eligibility requirement when he "has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by [the new provisions of 11 *Del. C.* § 4214] or the statutes describing said offense or offenses [for which the inmate was sentenced], whichever is greater"); *id.* at § 4214(a) (providing now that for one, like Harris, who has been thrice previously convicted of a felony and then convicted of another felony is declared a habitual criminal; the Court may then, in its discretion, impose any sentence up to life imprisonment for that fourth felony, but there is no minimum sentence if that fourth felony is not a Title 11 violent felony). *See* 80 Del. Laws ch. 28, § 1 (2015) (the specific escape offense Harris committed is now a non-violent class D felony).

[not now]-permitted as provided for in 11 *Del. C.* § 4214(f) and [Del. Super. Ct. Spec. R. 2017-1](d)(11)."[11]  Instead, the Attorney General has agreed the Court should grant Harris a certificate of eligibility.[12]  It does appear from a review of the Court's docket, however, that there are current "petitions filed pursuant to [11 *Del. C.* § 4214(f)] where the felony establishing an inmate as a habitual offender was a Title 16 offense" and that those petitions must be "heard first," *i.e.*, before Harris's, under the applicable statutes and this Court's rules.[13]

(4)  **NOW, THEREFORE, IT IS ORDERED** that Harris's Request for a Certificate of Eligibility is **GRANTED** and he may file a petition seeking exercise of this Court's jurisdiction to modify his sentence under 11 *Del. C.* § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d).  Any such petition should be addressed to the undersigned judge.  Upon a determination that all petitions that must be "heard first," have been,[14] the Court will schedule further proceedings in this matter.  This grant of a certificate of eligibility to

---

[11]  Del. Super. Ct. Spec. R. 2017-1(c)(5) (setting forth the content requirements for the Attorney General's written response to a request for certificate of eligibility).

[12]  *See* n.8, *supra.*

[13]  DEL. CODE ANN. tit. 11, § 4214(f) (2017); Del. Super. Ct. Spec. R. 2017-1(d)(11).

[14]  DEL. CODE ANN. tit. 11, § 4214(f) (2017); Del. Super. Ct. Spec. R. 2017-1(d)(11).

seek relief is not a ruling on whether Harris's sentence will be modified. That judgment will be left to the sole discretion of the Court.[15] And nothing in amended Section 4214 or the Court's rules shall require the Court to grant Harris a sentence modification.[16]

(5) **IT IS FURTHER ORDERED** that the Department of Correction and the Department of Justice shall, consistent with a memorandum of understanding entered (or other protocols devised) for the express purpose of facilitating the lawful and efficient transfer of materials and information required for consideration of a petition under 11 *Del. C.* § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d), provide to Harris's attorney of record, or his designee, access to such materials and information without undue delay.[17]

Paul R. Wallace, Judge

---

[15]     Del. Super. Ct. Spec. R. 2017-1(d)(9).

[16]     DEL. CODE ANN. tit. 11, § 4214(f) (2017) ("Nothing in this section, however, shall require the Court to grant such a petitioner a sentence modification pursuant to this section."); Del. Super. Ct. Spec. R. 2017-1(d)(9) ("Nothing in this rule or in 11 *Del. C.* § 4214 shall require the court to grant sentence modification to a petitioner.").

[17]     Del. Super. Ct. Spec. R. 2017-1(c)(7).

Original to Prothonotary – Sussex County

cc:    Robert H. Robinson, Jr., Esquire
       David Hume, IV, Chief Prosecutor, Sussex County
       Gregory E. Smith, Deputy Attorney General